## KID WILLIAMS v. THE STATE.

### No. 3038.  Decided May 31, 1905.

**1.—Gaming—Witness—Practice.**

Where a State's witness was cross-examined by the defendant and then impeached by defendant for truth, there was no error in refusing the recall of the witness by the defendant as an original State's witness to have him testify to purely original and defensive matter; if defendant desired his testimony he should have put him on the stand as any other witness testifying originally on his behalf.

**2.—Same—State Not Confined to Date Alleged—Evidence—Surprise.**

In a prosecution for gaining, the State was not confined to the particular date alleged in the information; and the defendant could not claim surprise, unless he could show that he had a defense against the date selected by the State upon which the cards were played, and his bill of exceptions should have shown this.

**3.—Same—Statutes Construed—Allegation and Proof—Private Residence.**

Under article 379 Penal Code as amended, an information to be good must allege that the gaming was at a private residence occupied by a family but was commonly resorted to for the purpose of gaining, in order to come within the exception.  However, where the information did not allege that the private residence was occupied by a family, but alleged that the private residence was resorted to for the purpose of gaming, and there was no proof that the place was occupied by a family, but there was proof that a number of games of poker were played there, the case for the State was made out as alleged.

Appeal from the County Court of Caldwell.  Tried below before Hon. John M. Gambell.

Appeal from a conviction of gaming; penalty, a fine of $10.
The opinion states the case.

No brief for appellant has reached the hands of the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of gaming, and his punishment assessed at a fine of $10, and appeals.

Appellant complains of the action of the court refusing to permit him to put witness Walter Frazier on the stand as his (appellant's) own witness. It appears that this witness was placed on the stand by the State and gave in his testimony and was cross-examined. Subsequently defendant placed witness Henderson on the stand, and proved by said witness that the reputation of Frazier in the community where he lived was bad for truth. Subsequent to this appellant called the witness Walter Frazier, remarking he would not vouch for the witness, he having impeached him. The bill shows appellant would have proven new and substantive facts; that is, that the games testified to by said witness, though at the home of Walter Frazier, were all played in the room occupied by some other party whose name is not disclosed, and that said room was not under the control and management of said Walter Frazier; that his wife and children and himself occupied another portion of said house; and that he did not permit the playing of cards in the portion of the house occupied by his wife and children, unless he and his family were present; and further, that the portion of the house under his control was never made a common resort for the purpose of gaming, and that only a few games of poker were ever played there, and only for amusement, with "a nickel ante, and five cents of sweetening." As stated this occurs to us to be new and original testimony of a purely defensive character. Witness Frazier was appellant's witness, and if he desired his testimony he should have put him on the stand as any other witness testifying originally on his behalf. About this bill, it is a little peculiar that appellant should not have disclosed the name of the party in whose room said games were played. If this was some real party appellant might have secured him as a witness to the facts which he attempted to prove by Walter Frazier, for whom he would not vouch, and whom he proposed to treat as a State's witness.

Appellant complains that the court erred in refusing to allow him to withdraw and continue the case after he had gone to trial, because the State selected some other date than the 15th of September, 1904, as alleged in the information. He says he was surprised because the State was not confined to the occasion alleged in the information. We do not understand it to be the rule that the State is ever confined to the particular day alleged in an information of this character. It can go back to any time within the statute of limitations. Of course, if the circumstances show that appellant was taken by surprise on ac-

count of the State electing some other date than that alleged, and appellant had some defense to the date selected by the State, then a postponement or continuance should be granted; or in the event of conviction, a new trial should be granted. But while appellant complains that the State selected some other date, he does not show that he has any defense against the date selected by the State, or that he can show that he did not play cards at the place alleged on the particular day proven by the State. Appellant certainly knew whether he had a defense to the date selected by the State, and in his bill of exceptions he should have shown this. What is said here also applies to the next bill as to the testimony of the witness Thompson.

There is another question, which does not appear to be raised by appellant to wit: the complaint and information alleged that the game of cards was played at the private residence of Walter Frazier, said residence then and there being commonly resorted to for the purpose of gaming. Article 379, as amended by the Acts of the 27th Legislature, page 26, among other things provides, that it is an offense for any person to play at a game of cards at any place, except a private residence occupied by a family; and further provides, that if any person shall bet or wager any money or other thing of value, etc., at any game of cards, except in a private residence occupied by a family, he shall be punished, etc.; and contains the further proviso, that the provisions of this act permitting gaming in private residence shall not apply in case any such residence is one commonly resorted to for the purpose of gaming. An information to be good under this statute must allege that the gaming was at a private residence occupied by a family, but was one commonly resorted to for the purpose of gaming. It is not alleged in the information or complaint that the private residence was occupied by a family. So we take it that it does not come within the exception provided in this amended statute. A residence may be a private residence, although it be not occupied by a family. However, it is here alleged that the private residence was commonly resorted to for the purpose of gaming. This latter might be held to be a descriptive averment which ought to be proved. An examination of the evidence, as shown by this record, fails to disclose that at the time of the alleged gaming the residence of Walter Frazier was occupied by a family, but the proof does show that a number of games of poker were played there. We take it, under the allegations in the information, the case for the State was made out. There being no reversible errors in the record, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.