## JUAN GALLEGOS v. THE STATE.

No. 3332.     Decided June 13, 1906.

**1.—Perjury—Indictment—Gaming—Wager.**

Upon trial for perjury, where the indictment failed to charge that there was a bet or wager on the game played at a private residence occupied by a family commonly resorted to for the purpose of gaming, the same was insufficient to base an assignment of perjury thereon.

**2.—Same—Statutes Construed—Gaming.**

Under article 379, Penal Code, as amended by the Act of the Twenty-seventh Legislature, page 26, in connection with article 381, Penal Code, it is no offense to play cards merely for amusement at a house occupied by a family, unless it is accompanied by a bet or wager, and the residence played at is one commonly resorted to for the purpose of gaming.

**3.—Same—Affirmative Allegation.**

It is an offense against the laws of the State for parties to play cards at certain places, but not an offense to see them played; and an indictment for perjury, which based an assignment for false swearing of defendant for seeing persons named play cards in a certain place, was defective.

**4.—Same—Requested Charge—Private Residence.**

In a prosecution for perjury based upon false swearing with reference to a game of cards alleged to have been played at a private residence, the requested charge on this subject should have been given.

Appeal from the District Court of Brewster. Tried below before the Hon. B. C. Thomas.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sanford & Douglass, Walter Gillis,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years, hence this appeal.

As the important question arises on the validity of the indictment, we copy so much thereof as is necessary to the determination of this case. The assignment of perjury is because of alleged false testimony before the grand jury. After alleging the administration of the oath, the indictment charges: "Did then and there become and was a material inquiry before said grand jury, whether said Juan Gallegos had on or about the 5th day of March, 1906, and within the past six months next before the day and date first above written, seen Manuel Espinosa Santiago Gallegos, Chappo Herrera, and other persons playing cards in the house of Conception Gonzales, in the town of Alpine, County of Brewster and State of Texas (which said house was then and there a private residence occupied by a family, and was then and there commonly resorted to for the purpose of gaming)"; and then proceeds to allege that the testimony delivered by said witness before the grand jury on the matter inquired about, to wit: "Appellant testified that he had not seen the parties named or any one else play cards in the house named, on or about the date named, and the same was material to the matter then under investigation by the said grand jury"; and then alleges the fact to be that, "he had seen said parties and others play cards·in said house on said date, and said house was a private residence occupied by a family, and was then and there resorted to for the purpose of gaming, etc." The point made by appellant on the indictment is to the effect that it is no violation of law to merely play cards at a private residence occupied by a family, commonly resorted to for the purpose of gaming, unless something is bet or wagered on the game. The indictment merely alleges that the grand jury had under investigation the playing of cards, without the allegation of any wager or bet in connection therewith, and was insufficient. To sustain this contention appellant refers us to articles 379 and 381, as amended by the Act of the Twenty-Seventh Legislature (Gen. Laws, 1901, p. 26) ; 14 Amer. & Eng. Ency. of Law, 2nd ed., p. 665–7. The construction of this statute has been before this court in several respects, but we are not advised that this particular question has been decided. However, some of the cases appear to intimate that to play cards, without any bet or wager, at a private residence occupied by a family and resorted to for the purpose of gaming, is an offense. Hodges v. State, 44 Texas Crim. Rep., 444; Hipp v. State, 45 Texas Crim. Rep., 200; Williams v. State, 87 S. W. Rep., 1155; Hankins v. State, 6 Texas Ct. Rep., 790. We believe on a careful examination of the question here made by appellant that his contention is the law. Amended article 379 (Acts 27th Leg., p. 26) is a repetition of the original article in the Penal Code in the first portion thereof, and adds to the same, "or at any place except a private residence occupied by a family," and then there is a new subdivision added to said original article, which proceeds to

make it an offense to bet or wager at any game of cards, except in a private residence occupied by a family; and further provides, that the provisions of this act which permit gaming in a private residence shall not apply in case such residence is one commonly resorted to for the purpose of gaming. So it would seem that the subject of playing cards at a private residence, without a bet or wager, is controlled by the first part of said article, which does not make it an offense to play cards merely at a private residence occupied by a family. This construction is strengthened when we refer to article 381, as amended, which among other things provides, that it shall not be necessary to prove that anything was bet on the game of cards at the places enumerated in the preceding article, or at any place, except a private residence occupied by a family; and further provides that nothing in the act or title shall be construed to prevent the playing of games of cards for amusement at a private residence occupied by a family. We accordingly hold that it is not an offense to play cards merely for amusement at a house occupied by a family, and that it only becomes an offense when the playing is accompanied by a bet or wager, and the residence played at is one commonly resorted to for the purpose of gaming. Under the construction placed on this amended act, it will be seen that the subject matter under investigation, as alleged in the indictment, was the playing of a game of cards at an alleged private residence occupied by a family, which place, it is also alleged was commonly resorted to for the purpose of gaming; but it is nowhere alleged that there was any betting or wagering on the game. So it would appear that the grand jury were investigating or inquiring about a matter which was not a violation of the law. The court had no jurisdiction to make an inquiry except such matter as is an offense against the laws of the State of Texas. See the matter of jurisdiction discussed in McDonough v. State, 11 Texas Ct. Rep., 972. The grand jury having under investigation a matter which was not an offense, perjury could not be predicated on false testimony delivered during such investigation.

We note another matter, in connection with this indictment, which has heretofore been held not to state an issue over which the tribunal had jurisdiction, to wit: it is alleged in the indictment that it became a material matter of inquiry and investigation with said grand jury whether the said Juan Gallegos had on or about the date named, seen the persons named, play cards in the house described. The material matter of inquiry and the one over which the court had jurisdiction was whether the parties named played at a game of cards, at one of the prohibited places, and not whether the witnesses had seen such a game. Of course, subsequently the indictment very properly alleges, that he testified that he did not see at the time and place named said parties play at a game of cards. This was testimony given in by him, and should be stated as sworn to by the witness, or at least substantially as sworn to by him, and that the same was material,

and then traversed same. It is an offense against the laws of the State for parties to play cards at certain places, but not an offense to see them play.

It follows from what is said above that the charge of the court in subdivision 4, submitting the proposition which follows the indictment, was also erroneous.

The other assignments of error involve some nice questions, one of which evidently presents the issue as to whether or not the room in question, in which the alleged game was played was a private residence. The requested charge on this subject should at least have been given.

For the error pointed out, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.