## M. C. PIGG v. THE STATE.

### No. 2654. Decided November 5, 1913.

**1.—Perjury—Indictment.**

Where, in a prosecution for perjury, the indictment failed to allege that the defendant was asked the questions before the grand jury or that he was a witness before said body and was sworn as such, and that the questions asked him were material, etc., the same was insufficient.

**2.—Same—Grand Jury—Jurisdiction.**

The grand jury has no right to inquire beyond the county of the prosecution as to offenses committed, and questions of offenses outside of said county to a witness can not be made the basis of perjury.

Appeal from the District Court of Hamilton. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Edison & Edison* and *S. R. Allen,* for appellant.—On question of insufficiency of the indictment: Harrison v. State, 53 S. W. Rep., 863; Gabrielsky v. State, 13 Texas Crim. App., 428, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The perjury alleged in the indictment is said to have occurred before the District Court on the trial of appellant under a charge of perjury.

It is alleged in the indictment, "it then and there became and was

a material question whether the said M. C. Pigg was a witness before the grand jury of the said Hamilton County, Texas, at its August Term, 1912, and of which grand jury one J. W. Smith was foreman, been questioned and interrogated by the said grand jury as aforesaid as to whether he, the said M. C. Pigg, knew of any betting on any baseball game, or whether he had held stakes on any baseball game played in Hamilton County, Texas, and especially as to whether he, the said M. C. Pigg, had been interrogated and questioned by said grand jury as aforesaid with reference to whether he, the said M. C. Pigg, knew of any betting on a game played at Evant between the Hamilton team and Star team and whether he, the said M. C. Pigg, had held any stakes on a game of baseball played at Evant between the Hamilton and Star teams, and the said M. C. Pigg being so sworn as aforesaid then and there on the trial of said issue upon his oath as aforesaid did falsely, wilfully and deliberately before the said Hon. J. H. Arnold, Judge, as aforesaid, and before the jurors so sworn as aforesaid depose, state and testify among other things in substance and to the effect following: 'I was not asked if I knew of any betting (meaning I was not asked when I was before the grand jury of Hamilton County, Texas, at its August Term, 1912, of which J. W. Smith was foreman as aforesaid) between anybody in a game of baseball played at Evant between the Hamilton and Star teams. I was not asked (meaning that he, the said M. C. Pigg, was not asked or questioned by said grand jury as aforesaid at its August Term, 1912, aforesaid), the question whether or not I knew of any betting on the game of ball played at Evant between the Star and Hamilton teams, or held any stakes put up on that game,' which said statements so made by the said M. C. Pigg were then and there material to the issue in said cause, whereas in truth and in fact the said M. C. Pigg was questioned and interrogated and asked by the said grand jury of Hamilton County, Texas, at its August Term, 1912, as aforesaid, of which grand jury J. W. Smith was foreman as aforesaid, whether he, the said M. C. Pigg, knew of any betting between anybody in a game of baseball played at Evant between the Hamilton and Star teams, and whereas in truth and in fact the said M. C. Pigg was interrogated, questioned and asked by said grand jury as aforesaid whether or not he, the said M. C. Pigg, knew of any betting on the game of ball played at Evant between the Star and Hamilton teams, or held any stakes put up on that game, and which said statement and statements so made by the said M. C. Pigg as a witness in said case in the manner and form as aforesaid, were deliberately and wilfully made, and were deliberately and wilfully false, as he, the said M. C. Pigg, then and there well knew, against the peace and dignity of the State."

This indictment is attacked from many standpoints, first, it is not alleged Pigg was a witness before said grand jury at the time alleged in said indictment; it is not alleged in said indictment that he was sworn as a witness before said grand jury; it is not alleged that the

questions which it was stated in said indictment were actually asked
Pigg were material to any investigation by said grand jury; nor is it
shown that the statements alleged to have been testified to by said
defendant while a witness in his own behalf were material to the issues
then being tried before the court, that is, material to the guilt or
innocence of the defendant for which he was then being tried. It is
further objected to the indictment that it does not state which of the
statements were material; the said statements relate to more than one
matter, and evidently being made in answer to more than one question,
and relating to several distinct and independent matters, and not so
connected as to make the falsity of one the falsity of all, and it being
impossible from the language of the allegations as to the materiality to
determine from such allegation which statements it would be claimed
were false. The indictment is further attacked because it appears from
the allegations that it was not a material issue between the State and
appellant in the District Court of Hamilton County, wherein appellant
was charged with perjury, as to whether he was interrogated and ques-
tioned by the grand jury whether he knew of any betting on any
baseball game, or whether he held stakes on any baseball game played
in Hamilton County, because the material inquiry would not be as to
the questions, but would be only as to what he did testify if he did when
a witness before the grand jury. Further the indictment is attacked
because the questions asked could not be material unless it was alleged
that the betting occurred in Hamilton County, and the questions are
not shown to have been limited or restricted to betting in Hamilton
County, but the questions are general and broad as it is possible to
make them without any reference to Hamilton more than any other
county.

On inspection of this indictment it occurs to us it is subject to the
criticisms urged. The indictment does not allege anywhere that at the
time appellant was asked the questions before the grand jury, except
inferentially, that he was a witness. Of course, we might infer from
the fact that he was testifying before the grand jury that he was a
witness before that body, but it is not alleged specifically that he was
a witness, or how he got before the grand jury. The indictment further
does not allege that if he was a witness before the grand jury, that he
was ever sworn by the grand jury before being asked the questions.
The indictment does not allege it was material before the grand jury
to ask the witness the questions, or the questions were material at the
time they were asked, or that they applied to Hamilton County, or
violations of the law. It may be further stated that the indictment,
in our judgment is specially defective in not showing that these questions
asked were material. There is nothing to indicate they were material
as to any inquiry before the grand jury. It is not shown that he
testified anything. What the answers were, if he was asked before the
grand jury are not stated. The grand jury would only have the authority
to investigate violations of the law, and the fact that he stated before

the District Court that he was not asked those questions before the grand jury could not be material. They were but questions that may or may not have been asked in the District Court as a predicate for impeachment, if in fact he could be impeached in that way. A witness may be impeached by showing that he testified differently at some other time or place than at the time he was then testifying. If these questions were asked in the District Court as alleged and he denied having made them before the grand jury, it was not material. It does not show or allege or undertake to show or allege what his testimony was before the grand jury, or that it was different there from what it was in the District Court. It may not have been material to have asked him these questions before the grand jury. Unless he answered falsely it could not constitute perjury. If he answered truthfully, it could not be perjury. Unless he answered he knew of no violations of the law in Hamilton County in the matter asked about, it would make no difference. The Hamilton County grand jury had no right to inquire about cases beyond Hamilton County. That was an inquisitorial body pertaining alone to offenses committed in Hamilton County or that could be prosecuted in Hamilton County. There are so many reasons why this indictment is fatally defective it is useless to pursue this matter further. We might go further and state, if it were necessary, that by the plea of former acquittal appellant was charged with perjury before the grand jury in regard to stating that he had not held certain stakes. If it was the same matter set up in that indictment and the answers would have been to questions set up in this indictment, of course that plea of acquittal would have been a bar to this prosecution. Perhaps we might go further still under the statement of facts and show that the State has no case upon which to predicate a conviction, if we should go beyond the questions asked and look to the evidence, which shows that defendant may have answered and did perhaps answer. It seems if there was any bet on the game between the Hamilton and Star baseball teams, it was between two named parties. They signed a check each, and the winner was to have both. It seems these checks were not deposited with appellant directly but left in his business house to be delivered to him. He in some way came into possession of them, and the parties who signed the checks, talking with him subsequently about the matter, told him that these checks were signed with the understanding that it was to be a bet if there was no violation of the law, but if there was, then the giving of these checks was to be withdrawn and there was to be no bet, as they did not purpose to bet in violation of the statute or the law of the State. They were informed of the fact that it might be a violation of the law, and the matter ended. These were facts upon which he was acquitted in the other case or the substance of them. While the matters are stated generally with reference to the questions, we have stated, we think, sufficiently enough to show this case ought not to have been tried and that appellant, as we understand this record, has not violated the law.

With reference to the sufficiency of the indictment on various grounds, numerous authorities may be cited, some of which will be mentioned: Mattingly v. State, 8 Texas Crim. App., 345; Brooks v. State, 29 Texas Crim. App., 582; Higgins v. State, 50 Texas Crim. Rep., 433; Wynne v. State, 60 Texas Crim. Rep., 660; Agar v. State, 29 Texas Crim. App., 605; Gallegos v. State, 50 Texas Crim. Rep., 190, 95 S. W. Rep., 123. We might also cite Brown v. State, 40 Texas Crim. Rep., 48; Moss v. State, 47 Texas Crim. Rep., 459; Parker v. State, 25 Texas Crim. App., 743; Weaver v. State, 34 Texas Crim. Rep., 554.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*