## W. D. ALT v. THE STATE.

### No. 4996. Decided May 1, 1918.

**Perjury—Indictment—Pleading—Motion in Arrest of Judgment.**

Where, upon trial for perjury, the indictment failed to allege sufficient facts to show the materiality of the testimony about which inquiry was being made,

Vol. 83 Crim.-22

and that there were matters to show a violation of the criminal law, the same was bad on motion in arrest of judgment. Following Gallagos v. State, 50 Texas Crim. Rep., 190, and other cases.

Appeal from the District Court of Dallas No. 2. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Baskett,* for appellant.—On question of insufficiency of the indictment: Leeks v. State, 32 Texas Crim. Rep., 420; McMurtry v. State, 38 id., 521; Higgins v. State, 38 id., 539; Weaver v. State, 34 id., 554; Gallegos v. State, 50 id., 190; Pigg v. State, 71 Texas Crim. Rep., 600, 160 S. W. Rep., 691; Scott v. State, 72 Texas Crim. Rep., 26.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of sufficiency of indictment: Rahm v. State, 30 Texas Crim. App., 310; Jordan v. State, 47 Texas Crim. Rep., 133.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury, his punishment being assessed at two years confinement in the penitentiary.

The indictment alleges this perjury was committed before a grand jury in Dallas County and of which W. H. Noble was foreman, and that appellant "did then and there take his corporeal oath and was duly sworn as a witness before said grand jury, said oath being then and there duly administered to him by the said foreman, who was then and there authorized by law to administer the same, and which said oath was then and there required by law and was necessary for the ends of public justice and was administered for the ends of public justice whereupon it then and there became and was a material inquiry before said grand jury, and necessary for the due administration of the criminal laws of said State and for the ends of public justice, towit:

"1. Whether said W. D. Alt, in the City of Dallas, in Dallas County, Texas, on the 16th day of June, A. D. 1916, cashed a certain check for and signed by N. A. Dawson, said check being of the tenor following:

No. 77.    Stephenville, Texas 6/16   1916    88-357
Cage & Crow, Bankers
(Unincorporated)
Pay to the order of W. D. Alt $100.00 One Hundred & 00/100Dollars.
Bexar Construction Co.,
Per N. A. Dawson.
Cashed for.
NAD

"2. Whether the said W. D. Alt, in the month of July, 1916, presented said check hereinbefore described for payment to W. E. Crotty,

assistant cashier of the Cage & Crow Bank at Stephenville, Texas, and whether payment thereof was refused by said W. E. Crotty, assistant cashier, as aforesaid; and the said W. D. Alt did on the 27th day of September, A. D. 1917, in said county and State, before and to the said grand jury under the sanction of said oath administered to him as aforesaid, deliberately and wilfully state and testify in substance as follows, towit:

"1.   That in the City of Dallas, in Dallas County, Texas, on the 16th day of June, A. D. 1916, he cashed said check hereinbefore described for said N. A. Dawson.

"2.   That some time during the month of July, 1916, he presented said check hereinbefore described for payment to W. E. Crotty at the Cage & Crow Bank at Stephenville, Texas, and that payment thereof was then and there refused by said W. E. Crotty."

The indictment, after charging that defendant testified to the truthfulness of both assignments, traverses the truth of both. The indictment was attacked on motion in arrest of judgment by general demurrer and specific exceptions. It is contended the indictment does not show a violation of the criminal laws in the matters stated, and that there is no allegation that the grand jury was examining into any particular matter which constituted an offense; nor was that body inquiring of defendant in general terms whether he had knowledge of the violation of any penal offense, or that any questions were asked defendant in regard thereto. The further contention is made that there is no allegation sufficiently showing the materiality of the statement to any matter about which the grand jury was authorized by law to act or investigate. There is no allegation to show they were inquiring about any particular violation of the law, or in general terms whether he had knowledge of any violation of the law. This indictment fails to allege sufficient facts to show the materiality of the testimony about which inquiry was being made. It does allege that appellant testified that he had cashed a check drawn in his favor by N. A. Dawson, who purported to represent a construction company, which check is alleged to have been given in June, and he testified that in July he presented it to a bank in Stephenville, Erath County, for payment, which payment was refused. These matters are alleged to be false. Appellant swore they were true. There is nothing alleged to show how these matters became or could become a matter for investigation by the grand jury from a criminal standpoint. The grand jury would have no right to inquire into other matters than violations of the penal law. It is not alleged that this testimony was given in regard to any matter criminal, nor does it allege any fact that would show that it related to any criminal offense. The grand jury is only empowered to inquire into violations of criminal laws of Texas. Upon this subject we cite Gallegos v. State, 50 Texas Crim. Rep., 190; Pigg v. State, 71 Texas Crim. Rep., 600, 160 S. W. Rep., 691; Scott v. State, 72 Texas Crim. Rep., 26; Higgins v. State, 38 Texas Crim. Rep., 539; Weaver v. State, 34 Texas Crim. Rep., 554. Neither allegation in the

indictment shows even indirectly that it was a violation of any criminal law, that is, either to pay the check or to present it to the bank in Erath County for payment and its refusal. Without in some way showing that these allegations could form the basis of a criminal prosecution which would form the subject of an inquiry by the grand jury, that body would have no right to inquire into it.

There are other matters in the case that might be of importance presented by bills of exception to charges asked and refused, and to the introduction of evidence, but as the matter is presented we will not discuss them.

The judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*