

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 31, 1971

Honorable W. O. Williams
County Auditor
Grayson County Courthouse
Sherman, Texas

Opinion No. M-823

Re: Authority of Commissioners'
Court to employ and pay an
attorney for a grand jury
to make investigation.

Dear Mr. Williams:

Your recent request for an opinion asks the following question:

"Can the Grayson County Commissioners' Court
legally employ and pay an attorney for a grand
jury, which lawyer's duties will be to make an
investigation of the offices of the County, parti-
culary the offices of County Attorney and Judge of
the County Court at Law, to ascertain why more crim-
inal cases are not being prosecuted in Grayson County?"

It was stated in Stovall v. Shivers, 103 S.W.2d 363 (Tex
Comm.App. 1937), that "the duty of the Commissioners' Court is
to transact the business, protect the interests, and promote
the welfare of the county as a whole".

These are broad and sweeping responsibilities and commen-
surate powers to carry out such responsibilities must be implied
from the statutes.

The Commissioners' Court may employ an attorney to assist
in the prosecution of claims and suits and may pay for these
services out of county funds. 15 Tex.Jur.2d 386, Counties Sec.
169; Galveston Co. v. Gresham, 220 S.W. 560 (Tex.Civ.App. 1920,
error ref.); Terrell v. Greene, 88 Tex. 539, 31 S.W. 631 (1895);
Attorney General's Opinions Nos. V-232 (1947); V-416 (1947);
V-995 (1950); C-256 (1964).

In City National Bank of Austin v. Presidio County, 26 S.W.

-3986-

2d 775 (Tex.Civ.App. 1894) the Court held that county commissioners had not exceeded their powers in the employment of outside attorneys, and that they also had power to defray the reasonable expense thereof out of county funds. The Court said,

> ". . .The powers of the county commissioners are defined by law, and it is an elementary principle that they have implied authority to do what may be necessary in the exercise of the duties or powers conferred on them. . . ." (at p. 776)

It should be understood that in order for the commissioners' court to so employ an attorney, the matters involved must be those which the grand jury is lawfully authorized to investigate and in which the county has a lawful interest.

This office cannot determine fact questions and we must assume, for the purposes of this opinion, that the Commissioners' Court of Grayson County has a legitimate purpose for the employment of the attorney mentioned and that the grand jury is investigating possible violations of the laws of this state.

A grand jury in Texas, under Article 20.09, Texas Code of Criminal Procedure (Vernon 1965), is empowered as follows:

> "The grand jury shall inquire into all offenses liable to indictment of which any member may have knowledge, or of which they shall be informed by the attorney representing the State, or any other credible person."

It has been held that a grand jury is only empowered to inquire into violations of criminal laws. Alt v. State, 83 Tex.Crim. 337, 203 S.W. 53 (1918).

From the nature of the duties of the grand jury, such as summoning witnesses to testify and issuing attachments for witnesses, it seems clear that said grand jury has the implied power to utilize the services of an attorney. Such an attorney as is contemplated by your request would certainly be a "credible person" to give the grand jury information as stated in Article 20.09, Code of Criminal Procedure. Under Article 20.03 of this

Code the presence of this person before the grand jury is pro-
hibited

> ". . .when they are discussing the propriety
> of finding an indictment or voting upon the same."

In answer to your question, the Grayson County Commissioners'
Court may legally employ an attorney for a grand jury and pay
him from county funds, under the foregoing conditions.

## S U M M A R Y

The Commissioners' Court of Grayson County may
legally employ an attorney for a grand jury
and pay him from county funds so long as the
matters involved are such as the grand jury
is authorized to investigate and in which
the county has a lawful interest.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By _____
NOLA WHITE
First Assistant

Prepared by Glenn R. Brown
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Fisher Tyler
John Banks
Max Hamilton
Charles Parrett

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant