Honorable Tom Hanna Criminal District Attorney Jefferson County Beaumont, Texas 77704
Re: Compensation of Grand Jury Bailiffs.
Dear Mr. Hanna:
You have asked how the salary of grand jury bailiffs in Jefferson County is determined.
Article 3912k, V.T.C.S., provides that the commissioners court of a county shall fix the amount of compensation, expenses and allowances for `county and precinct officials and employees who are paid wholly from county funds' and specifies in section 8 thereof:
 To the extent that any local, special, or general law . . . prescribes the compensation . . . expense, or any other allowance for any official or employee covered by this Act, that law is repealed.
Grand jury bailiffs have been characterized by several Attorney General Opinions as `public officers.' Attorney General Opinions O-5371 (1943); O-4166 (1941); O-1380 (1939); O-880 (1939); Tex. Att'y Gen. Op. (To Honorable Earl Carter, April 3, 1917), 1916-1918 Tex. Att'y Gen. Bien. Rep. 408. But no case or opinion that we have found specifically classifies grand jury bailiffs as either district, county, or precinct officers. We have concluded that some officers are district officers rather than county officers and, thus, outside the scope of article 3912k, but for the most part those opinions do not apply here. See Attorney General Opinions H-731 (1975); H-656 (1975). See also Attorney General Opinion M-1125 (1972). We have treated official court reporters appointed by district courts as covered by article 3912k. See Attorney General Opinion H-200 (1974). In Attorney General Opinion O-373 (1939) at 2, grand jury bailiffs and deputy sheriffs were described as `officers of the State,' but in Ciulla v. State, 28 S.W.2d 541, 545 (Tex.Crim.App. 1930) the court said of grand jurors:
 [T]he counties of this state are integral parts of the political and governmental entity which we call the state. Their officers, when elected or selected and qualified according to the forms therefor prescribed by the state, acting through its lawmaking body, become officers of the state as well as of the political subdivisions. . . .
See Pigg v. State, 160 S.W. 691 (Tex.Crim.App. 1913). Cf. Lord v. Clayton, 352 S.W.2d 718 (Tex. 1961).
It is our opinion that grand jury bailiffs are county officers within the scope of article 3912k, and the Commissioners Court of Jerfferson County may set the salaries and expenses of its grand jury bailiffs.
 SUMMARY
The county Commissioners Court may set the compensation and expenses of grand jury bailiffs in Jefferson County pursuant to article 3912k, V.T.C.S.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee