

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 3, 1977

Honorable Tom Hanna                     Opinion No. H-1009
Criminal District Attorney
Jefferson County                        Re:  Compensation of Grand
Beaumont, Texas 77704                   Jury Bailiffs.

Dear Mr. Hanna:

You have asked how the salary of grand jury bailiffs in
Jefferson County is determined.

Article 3912k, V.T.C.S., provides that the commissioners
court of a county shall fix the amount of compensation, ex-
penses and allowances for "county and precinct officials and
employees who are paid wholly from county funds" and specifies
in section 8 thereof:

> To the extent that any local, special,
> or general law . . . prescribes the
> compensation . . . expense, or any
> other allowance for any official or
> employee covered by this Act, that law
> is repealed.

Grand jury bailiffs have been characterized by several
Attorney General Opinions as "public officers." Attorney
General Opinions O-5371 (1943); O-4166 (1941); O-1380 (1939);
O-880 (1939); Tex. Att'y Gen. Op. (To Honorable Earl Carter,
April 3, 1917), 1916-1918 Tex. Att'y Gen. Bien. Rep. 408.
But no case or opinion that we have found specifically clas-
sifies grand jury bailiffs as either district, county, or
precinct officers. We have concluded that some officers are
district officers rather than county officers and, thus, out-
side the scope of article 3912k, but for the most part those
opinions do not apply here. See Attorney General Opinions
H-731 (1975); H-656 (1975). See also Attorney General Opinion
M-1125 (1972). We have treated official court reporters ap-
pointed by district courts as covered by article 3912k. See
Attorney General Opinion H-200 (1974). In Attorney General
Opinion O-373 (1939) at 2, grand jury bailiffs and deputy
sheriffs were described as "officers of the State," but in
Ciulla v. State, 28 S.W.2d 541, 545 (Tex. Crim. App. 1930)
the court said of grand jurors:

[T]he counties of this state are integral
parts of the political and governmental
entity which we call the state.  Their of-
ficers, when elected or selected and qua-
lified according to the forms therefor pre-
scribed by the state, acting through its
lawmaking body, become officers of the state
as well as of the political subdivisions. . . .

See Pigg v. State, 160 S.W. 691 (Tex. Crim. App. 1913).  Cf.
Lord v. Clayton, 352 S.W.2d 718 (Tex. 1961).

It is our opinion that grand jury bailiffs are county of-
ficers within the scope of article 3912k, and the Commissioners
Court of Jefferson County may set the salaries and expenses of
its grand jury bailiffs.

### S U M M A R Y

The county Commissioners Court may set
the compensation and expenses of grand
jury bailiffs in Jefferson County pur-
suant to article 3912k, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml