

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 27, 1989

Honorable Dennis R. Jones
Commissioner
Texas Department of Mental
  Health and Mental Retardation
P. O. Box 12668
Austin, Texas 78711-2668

Opinion No. JM-1075

Re: Effect of amendment to rules of criminal evidence in production of clinical records (RQ-1716)

Dear Mr. Jones:

You ask a number of questions relative to the effect of Rule 509 of the Texas Rules of Criminal Evidence on subpoenaes for production of Texas Department of Mental Health and Mental Retardation client's clinical records.

The Texas Rules of Criminal Evidence were promulgated by the Court of Criminal Appeals in conformity with legislation authorizing the court to promulgate rules of procedure and evidence in criminal cases. Acts 1985, 69th Leg., ch. 685, §§ 5-9, at 2473-74. See V.T.C.S. art. 1811f. The rules were adopted by the court on December 18, 1985, and became effective September 1, 1986.

Rule 509 provides that "[t]here is no physician-patient privilege in criminal proceedings." In Rougeau v. State, 738 S.W.2d 651, 664 (Tex. Crim. App. 1987), the court held that under the express provision of Rule 509 there is no physician-patient privilege in criminal cases.

You ask the following questions:

I.  State Court Proceedings

   A. Did Rule 509, [Texas Rules of Criminal Evidence], repeal Tex. Rev. Civ. Stat. Ann., Article 5561h, Section 5, and Tex. Rev. Civ. Stat. Ann., Article 5547-300, Sec. 57, as these statutes relate to the production of clinical records? Is a subopena all that is required for the production of confidential clinical records in cases of ongoing criminal proceedings in state court?

p. 5598

    B. Is a state grand jury investigation a 'criminal proceeding' as described in Rule 509?

  II.  <u>Federal Court Proceedings</u>

    A. Is Rule 509 inapplicable to a federal court? If so, are Articles 5561h and 5547-300, Section 57, the only authorities in the case of a federal court subpoena?

    B. If Rule 509 is applicable to federal court proceedings, is a federal grand jury investigation a 'criminal Proceeding' as described in that rule?

   You ask that your questions be considered under the following scenario:

   1) The subpoena emanates from a pending criminal proceeding in which our client is a victim, defendant, or witness, and it is this client's record made the .subject of the subpoena.

   2) The client is or has been treated for illness or disability <u>unrelated to drug or alcohol abuse</u>.[1]

   3) There exists no exception to the rule of confidentiality of clinical records, and no consent for disclosure has been given. (Emphasis added.)

   Article 5561h, V.T.C.S., relates to the confidentiality of mental health information of an individual and provides that a patient's or client's communication with any person licensed or certified by the state in the diagnosis and

---

   1. Rule 510 of the Rules of Criminal Evidence provides:

   A communication to any person involved in the treatment or examination of alcohol or drug abuse by a person being treated voluntarily or being examined for admission to treatment for alcohol or drug abuse is not admissible.

evaluation of any mental or emotional condition is confidential except under certain specified exceptions set forth in section 4 of article 5561h.

Among the statutes designated as repealed by the Rules of Criminal Evidence as they relate to criminal law cases and criminal law matters is article 5561h. The general repealer provision states "repeal is effective simultaneously with the effective date of the comprehensive body of rules of evidence promulgated by the Court of Criminal Appeals." Tex. R. Crim. Evid., List of Repealed Statutes at 159-60. In a criminal case or criminal law matter, Rule 509 repeals article 5561h insofar as it relates to any information in the clinical records relating to the diagnosis or evaluation of a mental or emotional condition heretofore deemed confidential under the physician-patient privilege.

Section 57(a) of article 5547-300, V.T.C.S., provides for the confidentiality of records of the "identity, diagnosis, evaluation, or treatment of any person which are maintained in connection with the performance of any program or activity relating to mental retardation" except for certain designated exceptions set forth in section 57(b) of article 5547-300.

Since we have no way of knowing the source or content of the "identity, diagnosis, evaluation or treatment" in the clinical records of a mentally retarded person, we can only conclude that the information contained therein that had heretofore been deemed confidential under the physician-patient relationship is no longer privileged. To that extent Rule 509 repeals section 57(a) of article 5547-300.

In response to your question as to whether a subpoena is sufficient to require production of clinical records,[2] article 24.02 of the Code of Criminal Procedure provides:

---

2. Since your question includes the term "confidential clinical records" it should be noted that Rule 501 of the Rules of Criminal Evidence provides:

> Except as otherwise provided by these rules or by Constitution, statute, or court rule prescribed pursuant to statutory authority, no person has a privilege to:
>
> (1) Refuse to be a witness; or

(Footnote Continued)

> If a witness [has] in his possession any instrument of writing or other thing desired as evidence, the subpoena may specify such evidence and direct that the witness bring the same with him and produce it in court.

Accordingly, a subpoena is sufficient to require production of these records in criminal cases.

You next ask whether a grand jury investigation is a "criminal proceeding" as described in Rule 509. It is the function of the grand jury to inquire into all indictable offenses within the county. Code Crim. Proc. arts. 20.09, 20.10. The grand jury is without authority to inquire into any matter other than the violation of the penal law. Alt v. State, 203 S.W. 53, 54 (Tex. Crim. App. 1918). A grand jury investigation is a "criminal proceeding" under Rule 509.

Your remaining questions relate to federal court proceedings. Rule 501 of the Federal Rules of Evidence provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

_____

(Footnote Continued)

(2) Refuse to disclose any matter; or

(3) Refuse to produce any object or writing; or

(4) Prevent another from being a witness or disclosing any matter or producing any object or writing.

In <u>United States v. Meagher</u>, 531 F.2d 752 (5th Cir.), <u>cert. denied</u>, 429 U.S. 853 (1976), the defendant was convicted of robbery and on appeal complained of the admission into evidence of the records and testing of a psychiatrist. The court rejected the argument that the admission of such evidence violated his privilege, as a patient, against the disclosure of information confidential to a physician. In rejecting defendant's contention the court stated:

> Under Rule 26, Fed.R.Crim.P., the admissibility of evidence in federal criminal trials is governed by common law, except as modified by Congress. Rule 501, Fed.R. of Ev., states that unless otherwise provided, the privilege of a witness shall be governed by the principles of common law as interpreted by U.S. Courts in light of experience and reason. At common law, no physician-patient privilege existed and, <u>therefore, we recognize no such privilege in federal criminal trials today</u>. <u>United States v. Harper</u>, 450 F.2d 1032 (5th Cir. 1971). (Emphasis added.)

<u>Id.</u> at 753. ·

In response to your question, Rule 509 is not applicable to criminal trials and proceedings in federal courts. Articles 5561h and 5547-300, V.T.C.S., are not applicable to criminal proceedings since state laws relating to privileged communications are only applicable to civil cases in federal courts to the extent stated in Rule 501 of the Federal Rules.

Your question of whether a grand jury proceeding in federal court is a criminal proceeding appears to be contingent on our having answered your previous question that Rule 509 is applicable to criminal proceedings in federal courts. While Rule 509 is not applicable, we do note that a federal grand jury investigation is a "criminal proceeding;"[3] therefore the physician-patient privilege is not applicable.

---

3. It is the duty of a grand jury impaneled within a judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within the district. 18 U.S.C. § 3332.

## S U M M A R Y

Rule 509 of the Texas Rules of Criminal Evidence repeals article 5561h, V.T.C.S., insofar as it relates to any information in the clinical records relating to the diagnosis or evaluation of mental or emotional condition of a patient heretofore deemed confidential under the physician-patient privilege in criminal cases and criminal law matters. Section 57(a) of article 5547-300, V.T.C.S. (which provides for the confidentiality of clinical records relating to the identity, diagnosis, evaluation and treatment of a mentally retarded person) is repealed by Rule 509 of the Texas Rules of Criminal Evidence in criminal cases and criminal law matters to the extent that such records may have heretofore been deemed confidential under the physician-patient privilege.

A subpoena issued in accordance with the provisions of article 24.02 of the Code of Criminal Procedure is sufficient to require the production of clinical records in a state criminal proceeding. A grand jury investigation is a "criminal proceeding" in both state and federal courts. Rule 509 of the Texas Rules of Criminal Evidence is not applicable to criminal proceedings in federal courts. Articles 5561h and 5547-300, section 57, V.T.C.S., are not applicable in criminal proceedings in federal courts.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General