

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

March 20, 2017

The Honorable Stephen Bret Tyler
Victoria County Criminal District Attorney
205 North Bridge Street, Suite 301
Victoria, Texas 77901

Opinion No. KP-0137

Re: Procedures for a grand jury to report its findings and the district clerk's obligations related to that report (RQ-0129-KP)

Dear Mr. Tyler:

You ask several questions related to whether a district clerk must accept for filing a grand jury report, other than an indictment.[1] Specifically, your questions concern whether "grand jury reports prepared as part of investigations into official misconduct conducted under article 2.03 of the Texas Code of Criminal Procedure may be filed with the district clerk." Request Letter at 9–10. Article 2.03(a) provides:

> It shall be the duty of the attorney representing the State to present by information to the court having jurisdiction, any officer for neglect or failure of any duty enjoined upon such officer, when such neglect or failure can be presented by information, whenever it shall come to the knowledge of said attorney that there has been a neglect or failure of duty upon the part of said officer; and he shall bring to the notice of the grand jury any act of violation of law or neglect or failure of duty upon the part of any officer, when such violation, neglect or failure is not presented by information, and whenever the same may come to his knowledge.

TEX. CODE CRIM. PROC. art. 2.03(a).

The central issue underpinning your questions is whether a grand jury has legal authority to deliver a report other than the return of indictments. See Request Letter at 1–2. The Legislature sets forth the authority of the grand jury in three principal provisions of the Code of Criminal Procedure. First, article 20.09 of the Code of Criminal Procedure sets forth the duties of the grand jury, as follows:

---

[1]See Letter from Honorable Stephen Bret Tyler, Victoria Cty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Sept. 16, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

> The grand jury shall inquire into all offenses liable to *indictment* of which any member may have knowledge, or of which they shall be informed by the attorney representing the State, or any other credible person.

TEX. CODE CRIM. PROC. art. 20.09 ("Duties of grand jury") (emphasis added). Article 20.19 of the Code of Criminal Procedure then provides for voting on the presentment of an indictment by members of the grand jury after hearing testimony. *Id.* art. 20.19 ("Grand jury shall vote"). Article 20.19 states:

> After all the testimony which is accessible to the grand jury shall have been given in respect to any criminal accusation, the vote shall be taken as to the presentment of an *indictment*, and if nine members concur in finding the bill, the foreman shall make a memorandum of the same with such data as will enable the attorney who represents the State to write the indictment.

*Id.* (emphasis added). Finally, article 20.21 of the Code of Criminal Procedure addresses the matter of the grand jury's report to the court. *Id.* art. 20.21 ("Indictment presented"). Article 20.21 states:

> When the *indictment* is ready to be presented, the grand jury shall through their foreman, deliver the indictment to the judge or clerk of the court. At least nine members of the grand jury must be present on such occasion.

*Id.* (emphasis added).

Construing the plain language of these provisions collectively, this office previously concluded that Texas law authorizes grand juries to report by indictment only. Tex. Att'y Gen. Op. No. M-1171 (1972) at 2 ("[U]nder the law of Texas, the power of the Grand Jury is limited to investigating possible criminal offenses and delivering any resulting indictment to the district court."). As the only grand jury report authorized by law is an indictment, this office concluded that grand juries have no statutory authority to issue other reports, such as investigatory findings or other recommendations. *Id.* at 2–3 ("There being no authority given to the Grand Jury to investigate civil matters or to make any investigation into circumstances where no criminal offense is suspected or alleged, no report or recommendation to the district court in such matters is authorized . . . ."); *see also* Tex. Att'y Gen. Op. No. JM-1119 (1989) at 2 ("Grand juries in Texas, like the vast majority of other states, lack constitutional and statutory authority to make reports and recommendations."). Because there is no statutory or constitutional authority underpinning these documents, we further concluded courts have no legal duty to accept such reports. *See* Tex. Att'y Gen. Op. No. M-1171 (1972) at 3 (concluding district court has no legal duty to accept or disclose jury reports other than indictments); *see also* Tex. Att'y Gen. Op. No. JM-1119 (1989) at 2 (concluding grand jury report lacked statutory underpinnings to render it a binding order).

In your letter, you urge us to reconsider or limit these previous opinions, contending that in reaching the conclusion that Texas law authorizes grand juries to report by indictment only, this office ignored the statutory authority bestowed on grand juries under article 2.03(a). Request Letter at 2–3.[2] Article 2.03(a) states, in part, that the district attorney "shall bring to the notice of the grand jury any act of violation of law or neglect or failure of duty upon the part of any officer, when such violation, neglect or failure is not presented by information." TEX. CODE CRIM. PROC. art. 2.03(a). You suggest this provision necessarily implies a power to report and publicize any investigatory findings made by the grand jury under article 2.03(a). Request Letter at 1–3.

Article 2.03(a) does not expressly authorize the creation of a grand jury report, nor provide for the filing or publication of such a report. Rather, the provision does not speak to how the grand jury should proceed when it receives notice of an officer's alleged violation of law or neglect of duty. We must, however, examine article 2.03 in its proper context. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999) (examining entire act, rather than single section in isolation, sheds light on Legislature's intent).

Examining the Code of Criminal Procedure as a whole, the Legislature authorized the grand jury to report by indictment. *See* TEX. CODE CRIM. PROC. arts. 20.09, 20.19, 20.21. The text of article 2.03 does not suggest an implied grant of additional authority. *See id.* art. 2.03(a). Rather, when we construe article 2.03 in conjunction with other relevant provisions, the plain language demonstrates the Legislature authorized the grand jury to report by indictment only. *See id.* arts. 2.03(a), 20.09, 20.19, 20.21; *Rich v. Eason*, 180 S.W. 303, 304, 306 (Tex. Civ. App.— Beaumont 1915, no writ) (holding grand jury report criticizing sheriff's moral character was not absolutely privileged in libel suit against grand juror because the "articles in our criminal procedure which define the duties of the grand jury are silent with respect to [such a] report"); *see also Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996) (citing Code of Criminal Procedure articles 20.09 and 20.19 for proposition that grand jury's "authority and duty is limited to inquiring into criminal accusations and determining whether evidence exists to formally charge a person with an offense"); *Alt v. State*, 203 S.W. 53, 54 (Tex. Crim. App. 1918) ("The grand jury is only empowered to inquire into violations of criminal laws of Texas.").

This construction is also consistent with article 20.02, which provides that "[t]he proceedings of the grand jury shall be secret." TEX. CODE CRIM. PROC. art. 20.02(a); *see also id.* art. 19.34 (grand jurors' oath of secrecy); *Rich*, 180 S.W. at 305–06 (grand jury report not absolutely privileged in libel suit). For these reasons, a Texas court is likely to conclude that article 2.03(a) authorizes a grand jury to report only by indictment, and a district clerk therefore has no duty to accept reports documenting a grand jury's findings that do not constitute criminal

---

[2]Your letter additionally presents a number of policy arguments supporting the issuance and publication of grand jury reports. *See id.* at 3–9. A Texas court "may not override the Legislature's intent in favor of countervailing policy considerations." *Garcia v. State*, 387 S.W.3d 20, 25 (Tex. Crim. App. 2012).

violations reportable by indictment.[3]  Having so concluded, we need not address your remaining questions regarding how such a report would be generated, reported, and published.

---

[3]The Legislature may, in its wisdom, provide for the creation and publication of grand jury reports concerning noncriminal conduct of public officials. *See, e.g.*, 18. U.S.C. § 3333(a), (b), (c)(2) (federal law establishing procedures for issuance and publication of grand jury report concerning certain noncriminal conduct by public official, including procedures to provide the official who is the subject of the report with notice, an opportunity to present evidence, right to file answer which becomes part of report, and judicial review prior to publication).

## S U M M A R Y

The Legislature authorized grand juries to inquire into all offenses liable to indictment and report their findings by the return or rejection of an indictment.

As article 2.03(a) of the Code of Criminal Procedure does not implicitly grant the grand jury additional authority to issue reports other than indictments, a district clerk has no legal obligation to accept a grand jury report prepared under article 2.03(a) as part of an investigation into official misconduct.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

ASHLEY FRANKLIN
Assistant Attorney General, Opinion Committee