Chad Steven **RAINEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–95–00573–CR.

Court of Appeals of Texas, Austin.

July 24, 1997.

**540**

Richard D. Mock, F.N. "Trey" Brown, III, Law Offices of Mock & Brown, Burnet, for Appellant.

Sam Oatman, District Attorney, John Morgan Minton, Assistant District Attorney, for State.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

CARROLL, Chief Justice.

A jury convicted appellant Chad Steven Rainey of murder under Texas Penal Code section 19.02(b) and sentenced him to confinement for forty years. *See* Tex. Penal Code Ann. § 19.02(b) (West 1994). Rainey appeals his conviction in nine points of error. We will affirm the judgment of conviction.

## BACKGROUND

According to the State's witnesses, the facts of this case are as follows: Larry Washington, the victim, was a homeless man who lived under a bridge in Marble Falls, Texas. Rainey and his younger sister also lived in Marble Falls and had a friend named Sue Pearson. About a month before Christmas of 1994, Rainey's sister told Pearson that Washington had raped her. Pearson told Rainey the news on Christmas morning. A few days after Christmas, Rainey allegedly left Pearson's apartment and went to the bridge where Washington lived to confront Washington. According to the State, Rainey killed Washington by stabbing him and then mutilated the body by cutting the skin from Washington's genitals and putting it in Washington's mouth. Rainey then returned to Pearson's apartment covered in blood. He allegedly cleaned up, altered the soles of his shoes, boiled the murder weapon, and told Benford Gibson, Pearson's boyfriend, what he had done. Three boys discovered Washington's body near the bridge on December 30, 1994. Rainey was subsequently arrested for, charged with, convicted of, and sentenced to imprisonment for intentionally and knowingly killing Washington.

Rainey appeals his conviction, alleging: (1) section 19.02(d) of the Texas Penal Code, a statute allowing the defense to introduce evidence of sudden passion to mitigate punishment, is unconstitutional; (2) the evidence is factually insufficient to support the jury's finding that he did not act under the influence of sudden passion; (3) the court erred in refusing to include certain defensive instructions in the charge; (4) the court erred in denying his motion to suppress certain evidence; and (5) the court erred in allowing certain witnesses to testify at the punishment phase of trial.

## DISCUSSION

### Constitutionality of Texas Penal Code § 19.02(d)

In his first four points of error, Rainey challenges the constitutionality of subsection (d) of section 19.02 of the Texas Penal Code, the statute that sets out the offense of murder. *See* Tex. Penal Code Ann. § 19.02 (West 1994). Section 19.02 reads in relevant part:

(b) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual....

\*      \*      \*      \*      \*      \*

(d) At the punishment stage of a trial, the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. If the defendant proves the issue in the affirmative by a

preponderance of the evidence, the offense is a felony of the second degree.

*Id.* Unless sudden passion is proven, the offense is a felony of the first degree. Tex. Penal Code Ann. § 19.02(c).

Before September 1994, the issue of sudden passion related to the issue of guilt rather than punishment. When the evidence raised the issue, it became an element the State was required to disprove beyond a reasonable doubt during the guilt phase of trial. *See* Act of May 23, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883 (Tex. Penal Code § 19.04, amended by Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1123 and Act of May 29, 1987, 70th Leg., R.S., ch. 307, § 1, 1987 Tex. Gen. Laws 1698, since amended); *Ruiz v. State,* 753 S.W.2d 681 (Tex.Crim.App. 1988); *Lawrence v. State,* 700 S.W.2d 208, 211–13 (Tex.Crim.App.1985). One who caused another's death under the influence of sudden passion was guilty of the separate crime called "voluntary manslaughter." *See id.* The legislature changed the statute presumably in response to criticism of the law. *See, e.g., Johnson v. State,* 815 S.W.2d 707, 710 n. 3 (Tex.Crim.App.1991). Pursuant to the 1994 amendments, "voluntary manslaughter" is no longer a separate crime. The State no longer must disprove as an element of the offense that a defendant acted by reason of sudden passion arising from an adequate cause. The existence of sudden passion is simply a mitigating factor relevant to punishment, and the burden of proving sudden passion by a preponderance of the evidence during the punishment phase rests on the defendant. *See* Tex. Penal Code Ann. § 19.02(d).

■ In point of error one, Rainey argues section 19.02(d) violates his right to substantive due process under the federal and state constitutions by shifting the burden onto him to prove the existence of sudden passion. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, § 19. This Court recently held that section 19.02(d) does not violate the substantive due process provisions of either constitution. *See Robinson v. State,* 945 S.W.2d 336, 342 (Tex.App.—Austin 1997, pet. requested); *see also Kreyssig v. State,* 935 S.W.2d 886, 891 (Tex.App.—Texarkana 1996,

pet. ref'd). Accordingly, we overrule Rainey's first point of error.

■ In point of error two, Rainey argues section 19.02(d) violates his right to a grand jury indictment and his right to know the nature and cause of the accusation against him. *See* Tex. Const. art. I, § 10. Rainey reasons that a grand jury might believe that a defendant is guilty only of murder in the second degree under section 19.02(d) but would be required nonetheless to indict the defendant for first degree murder under section 19.02(b). He argues a defendant indicted under those circumstances is not given notice of the charges against him. Rainey's argument is really a challenge to the sufficiency of the indictment. He did not raise this issue before the trial court; therefore, he has failed to preserve it for appellate review. *See Fisher v. State,* 887 S.W.2d 49, 54 (Tex.Crim.App.1994); *see also* Tex. Const. art. V, § 12; Tex.Code Crim. Proc. Ann. art. 1.14(b) (West Supp.1997). We overrule Rainey's second point of error.

■ In point of error three, Rainey contends section 19.02(d) violates the separation of powers doctrine by abridging the duties of district attorneys and grand juries. *See* Tex. Const. art. II, § 1. Specifically, Rainey argues the legislature may not preclude the district attorney from charging and the grand jury from indicting for "voluntary manslaughter" when the facts support such a charge or indictment. We disagree. It is the district attorney's principal duty to prosecute violations of criminal law. *See* Tex. Const. art. V, § 21; *Shepperd v. Alaniz,* 303 S.W.2d 846, 850 (Tex.Civ.App.—San Antonio 1957, no writ). Likewise, the grand jury is empowered only to inquire into violations of criminal laws. *See* Tex.Code Crim. Proc. Ann. art. 20.09 (West 1977); *Alt v. State,* 83 Tex.Crim. 337, 203 S.W. 53, 54 (App.1918). The legislature, not the district attorney or grand jury, has the power to *define* criminal laws. *See* Tex. Const. art. III, § 1; *see also Gross v. State,* 165 Tex.Crim. 463, 308 S.W.2d 54, 55 (App.1957). Because the legislature has chosen to eliminate "voluntary manslaughter" from the list of crimes and make "sudden passion" a mitigating factor relevant only to punishment, neither the grand jury

nor the district attorney has the power to charge someone with "voluntary manslaughter." We overrule Rainey's third point of error.

In his fourth point of error, Rainey contends section 19.02(d) violates his right against self incrimination under both the state and federal constitutions. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, § 10. Rainey argues shifting the burden of proving "sudden passion" to him at the punishment phase somehow forced him to incriminate himself in order to avail himself of the "sudden passion" defense.[1]

■ Section 19.02(d) does not violate Rainey's right against self-incrimination. A defendant can avail himself of the "defense" to punishment afforded by section 19.02(d) without taking the stand. In fact, Rainey did just that. He called his sister and mother as witnesses. Both witnesses testified that Rainey was extremely protective of his sister and was distraught upon hearing that his sister had been raped. Rainey presumably offered this evidence to show he murdered Larry Washington under the influence of sudden passion. Rainey never testified himself. We fail to see how section 19.02(d) forced Rainey, or would force any defendant, into incriminating himself or herself. We overrule point of error four.

### Factual Sufficiency of the Evidence

■ The jury failed to find during the punishment phase that Rainey acted under the influence of sudden passion. In his fifth point of error, Rainey contends the evidence is factually insufficient to support that verdict. In reviewing the factual sufficiency of the evidence, we consider all the evidence and determine whether the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996); *Stone v. State*, 823

S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd untimely filed).

■ The evidence supports the jury's answer. Sue Pearson testified she told Rainey that Washington had raped Rainey's sister. According to Pearson, when Rainey heard the allegations he proclaimed he would kill Washington. This event took place several days before the murder occurred. Furthermore, Benford Gibson testified he was present at the apartment when Rainey returned after committing the murder. According to Gibson, Rainey was calm enough when he returned to attempt to alter the tread on his shoes, boil the murder weapon, and bathe himself to wash off the victim's blood. More importantly, several witnesses testified that Rainey confessed the crime in gruesome detail to them afterwards. Finally, Rainey was able to accomplish the delicate task of mutilating Washington's body. The above evidence suggests that Rainey planned the crime days ahead of time, was fully aware of his actions and in control when he executed his plan, and returned to his friend's apartment to dispose of any incriminating evidence coolly and methodically. The evidence that Rainey was protective of his sister and that Washington may have raped her might support Rainey's assertion that he acted with passion or even that the cause was adequate. It does not, however, support his assertion that the passion was sudden. Furthermore, the evidence supporting Rainey's version of the facts does not weigh against the above evidence so as to make the jury's finding manifestly unjust. We, therefore, hold the evidence factually sufficient to support the jury's answer and we overrule point of error five.

### Charge Error

■ In point of error six, Rainey contends the trial court erred in refusing to submit to the jury an instruction on self-defense. Rainey objected orally to the omission; therefore, he preserved error on this

---

1. The State does not address the merits of Rainey's argument. The State employs the risky strategy of defending the point of error solely on the ground that it is multifarious for combining federal and state constitutional arguments. *See Heitman v. State*, 815 S.W.2d 681, 690 n. 23

(Tex.Crim.App.1991). We agree that the point is multifarious; the defect, however, does not *require* us to overrule the point of error. *See id.* The State's brief on this point, while correct, does not provide us any help on the merits of the constitutional question.

issue. *See* Tex.Code Crim. Proc. Ann. art. 36.14 (West Supp.1997). Rainey was entitled to an instruction on self-defense if the evidence, if believed, showed he reasonably believed his use of deadly force was immediately necessary to protect himself against Washington's use of deadly force and that a reasonable person in Rainey's position would not have retreated. *See* Tex. Penal Code Ann. § 9.31 (West 1994).

■ Rainey relies upon the following evidence to support his request for a self-defense instruction: he told someone he did not go to the bridge intending to kill Washington; he returned from the crime scene with a bump over his eye and some scratches on his person; he told several people he had been in a fight with Washington; he told one person the fight began because Washington had hit him on the head with a bottle; and he told someone he had to struggle to get his knife out. This evidence does not suggest Rainey was entitled to a charge on self-defense. There is no evidence that Rainey *reasonably* believed Washington was using deadly force or that the bottle was a deadly weapon. Furthermore, there is no evidence that Rainey tried to retreat or that he could not have retreated. Finally, Rainey's statements that he had been in a fight, that he sustained injury during the encounter, and that he had trouble getting his knife out do not establish that Washington initiated the use of deadly force. Accordingly, we hold the trial court did not err in refusing to submit an instruction on self-defense.

■ Even if the trial court did err, we conclude the error was not reversible. Charge error is reversible only if it is not harmless. *Reich–Bacot v. State*, 936 S.W.2d 961, 962 (Tex.Crim.App.1996) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1984)). Error is harmless if overwhelming evidence dissipates the error's effect upon the jury's functioning in determining the facts. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989). The evidence in this case overwhelmingly establishes that Rainey planned the crime beforehand and sought revenge when he committed the crime. We, therefore, conclude any error in omitting the self-defense instruction did not contribute to the verdict. Accordingly, we overrule point of error six.

■ In his seventh point of error, Rainey argues the trial court erred in refusing to submit to the jury an instruction on voluntary intoxication. Rainey preserved this issue for appeal by submitting a proposed instruction to the trial court. *See* Tex. Code Crim. Proc. Ann. art. 36.15 (West Supp. 1997). A court must submit an instruction on voluntary intoxication only if the evidence tends to show the intoxication caused temporary insanity in the defendant. *See* Tex. Penal Code Ann. § 8.04(b), (c) (West 1994). In order to raise the issue of temporary insanity, the evidence had to suggest Rainey did not know right from wrong at the time of the alleged offense. *See Arnold v. State*, 742 S.W.2d 10, 16 (Tex.Crim.App.1987). The evidence suggests Rainey was intoxicated at the time he committed the crime, but it does not suggest he was so intoxicated that he did not know right from wrong. One witness testified that Rainey said he "kept blanking out" during the commission of the offense. However, that same witness testified Rainey admitted he stopped and thought about his sister after he had killed Washington. After thinking about his sister, Rainey returned to the body to mutilate it. This testimony, the evidence that Rainey remembered the details of the crime afterward, and the evidence that Rainey took steps to conceal the crime suggest Rainey was aware of what he was doing and knew it was wrong. Therefore, we hold the trial court did not err in refusing to submit an instruction on voluntary intoxication. We overrule point of error seven.

### Sufficiency of Affidavit Supporting Search Warrant

■ In point of error eight, Rainey contends the court erred in admitting certain evidence because it was obtained pursuant to a search warrant unsupported by an affidavit establishing probable cause. The record indicates Rainey attempted to admit the affidavit in evidence at the hearing on the motion to suppress. The record does not, however, contain the affidavit. Rainey carries the burden of producing a record upon which we may evaluate whether error occurred. *See*

Tex.R.App. P. 50(d). Without the affidavit, we cannot determine that the trial court erred in denying Rainey's motion to suppress. We overrule point of error eight.

### State's Failure to Name Witnesses Before Punishment Hearing

In his ninth and final point of error, Rainey argues the trial court erred in allowing three witnesses to testify during the punishment phase of trial because the State had not first notified Rainey of its intent to call these witnesses. Upon request, the State should disclose to a defendant prior to trial any witnesses that will be examined by the State during any stage of the trial. *Martinez v. State*, 867 S.W.2d 30, 39 (Tex.Crim. App.1993) (citing *Young v. State*, 547 S.W.2d 23, 27 (Tex.Crim.App.1977)). If a trial court allows a witness not on the State's list to testify, we review the court's action for abuse of discretion. *Stoker v. State*, 788 S.W.2d 1, 15 (Tex.Crim.App.1989). Among the factors we must consider in making the determination are: (1) whether the prosecution acted in bad faith in failing to disclose the witnesses and (2) whether the defendant could reasonably anticipate the witness would testify despite the lack of notice. *Id.* There is no showing that the State acted in bad faith. However, Rainey may not have been able to anticipate the testimony of the three witnesses before the State called them because the witnesses were not otherwise involved in the prosecution.

In any event, we need not reverse the trial court's decision if we conclude beyond a reasonable doubt that the alleged error made no contribution to the punishment. *See* Tex.R.App. P. 81(b)(2); *Harris v. State*, 790 S.W.2d 568, 588 (Tex.Crim.App. 1989). Assuming without deciding that the trial court erred in allowing the three witnesses to testify, we conclude the alleged error did not disrupt the jurors' orderly evaluation of the evidence. *See Harris*, 790 S.W.2d at 588. The three witnesses testified only that Rainey's reputation in the community for being a law abiding citizen was bad. Other witnesses, to whose testimony Rainey did not object, testified to the very same thing. The testimony of the three objection-able witnesses was therefore cumulative. The error, if any, did not harm Rainey and we overrule point of error nine.

### CONCLUSION

We have determined that section 19.02(d) of the Texas Penal Code does not violate a defendant's right to substantive due process, to grand jury indictment, or to remain silent under the federal and state constitutions. We have concluded that section 19.02(d) does not unconstitutionally interfere with the duties of the grand jury and district attorney under Texas Constitution article II, section 1. We have further concluded that Rainey's other points of error are without merit. We, therefore, affirm the judgment of conviction.