TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00288-CR







Michael Wayne Lemley, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8714, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







 A jury found appellant guilty of murder and assessed punishment at thirty years'
imprisonment. See Tex. Penal Code Ann. § 19.02 (West 1994). Appellant appeals his conviction,
arguing that the evidence is legally and factually insufficient to support the jury's verdict; that
Texas Penal Code sections 19.02(b)(2) and 19.02(d) are unconstitutional; and that the trial court
erred by failing to charge the jury at the punishment phase in accordance with Penal Code section
19.02(d). We will affirm the judgment of conviction.


STATEMENT OF FACTS

 Appellant and the victim, Debbra Kay Williams, lived together in a home in rural
Bastrop County. At approximately 6:00 a.m. on the morning of March 22, 1997, the Bastrop
volunteer fire department was called to appellant's home to extinguish a fire. The firefighters
discovered Williams's body in the remnants of a waterbed that had collapsed from the second
floor. Appellant was not at the scene. An autopsy determined that Williams died in the early
morning hours of March 22 and that her death was caused by a gunshot wound to the head. The
medical examiner ruled that Williams died before the ignition of the fire.

 The jury heard evidence that appellant had a history of being violent with Williams. 
The jury also heard that on the evening before Williams's death, several witnesses observed an
argument between Williams and appellant at the Travis County Livestock Show and Rodeo. One
witness testified that Williams told her that appellant had beaten her and she needed to get into the
rodeo arena to find a phone. As Williams walked into the arena, the witness heard appellant
threaten to kill Williams. 

 William Rex Voland testified that he drove Williams home after the rodeo and that
they arrived at her home in Bastrop at approximately 3:15 a.m. on March 22. Williams told
Voland not to stop because "He's there." Voland understood "he" to be appellant, because
Williams had spoken of appellant on the way to Bastrop. Voland drove past the house, then turned
around and stopped so that Williams could get out of his vehicle. Voland testified that as he drove
by he saw an inside light on downstairs. Williams waved him on so he drove away. 

 The fire was reported a few minutes before 6:00 a.m.; however, a fire and arson
investigator employed by the State Fire Marshall's Office concluded that the fire started sometime
before 4:50 a.m. A special agent with the Bureau of Alcohol, Tobacco and Firearms (the "ATF")
explained that the delay between the time the fire was started and the time it was seen by a
passerby could be explained by the effect of the fire's interaction with the waterbed and Williams's
body tissue.

 Bank receipts introduced by the State showed that appellant made a withdrawal from
an automated teller machine ("ATM") approximately 25 miles from his home at 5:20 a.m. on
March 22 and another withdrawal from an ATM in Round Rock, approximately 45 miles from his
home, (1) at 5:52 a.m. A videotape taken of appellant's transaction at the Round Rock ATM
corroborated the receipt. The State also introduced ATM receipts and receipts for gas and lodging
from New Mexico and Arizona in the days immediately following Williams's murder. Appellant
contacted his brother in Austin several days after the fire, returned to Austin, and turned himself
in to authorities on March 31.


DISCUSSION

 In his first two points of error, appellant challenges the legal and factual sufficiency
of the evidence to support his conviction. To determine the legal sufficiency of the evidence to
support a criminal conviction, the question is whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley
v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). Any inconsistencies in the evidence
should be resolved in favor of the verdict. See Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988). This standard of review is the same for both direct and circumstantial
evidence. See Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992). When conducting
a factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. 
Instead, we consider all evidence equally, including the testimony of defense witnesses and the
existence of alternative hypotheses. See Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin
1992, no pet.). The court, however, does not substitute its judgment for that of the jury, and
should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Furthermore, the appellate court may not reverse a jury's decision simply because it
disagrees with the result. See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 

 Appellant contends that there is nothing to connect him to the offense other than his
relationship to the victim and the fact that her body was found in his burned home. He also
contends that the State's evidence showed that he was miles away from the home at the time the
fire was reported, and that other than the victim's statement to Voland, there was no proof that
he ever returned to the home after the rodeo. 

 We note first that the standard of review to test the legal sufficiency of the evidence
is the same for both direct and circumstantial evidence. See Green, 840 S.W.2d at 401. Although
there was no eyewitness evidence linking appellant to Williams's death, the jury was presented
with circumstantial evidence indicating that appellant committed the murder, including the history
of violence between the couple, appellant's threat to kill Williams made earlier the previous
evening, Williams's conversation with Voland during the ride to her home shortly before her death
and her expressed concern that "he" was home, the light in the house indicating someone was
inside, and the fact that appellant withdrew cash and left the state immediately following
Williams's death. While flight itself does not amount to a presumption of guilt, it is a circumstance
from which the jury may draw an inference of guilt. See Arivette v. State, 513 S.W.2d 857, 862
(Tex. Crim. App. 1974). Appellant's challenge to the legal sufficiency of the evidence to support
his conviction is overruled. 

 To consider appellant's challenge to the factual sufficiency of the evidence, we must
examine all the evidence, including the evidence suggesting appellant was miles away from the
home at the time the fire was reported. Although a videotape shows appellant at a Round Rock
ATM approximately 45 miles from his home at almost the exact time the fire was reported, a fire
investigator testified that the fire was set a little over an hour before it was reported. An ATF
agent, an expert in fire investigations, testified extensively about the smoldering effect a fire could
have on a body lying on a waterbed. Both fire experts testified that the fire began around the bed
and did not engulf the home until the floor collapsed as the waterbed fell through the ceiling from
the second floor to the first floor. We believe the jury could decide, based on this evidence, that
appellant made the withdrawals from the Round Rock ATM after he murdered Williams and set
the bed on fire. Accordingly, appellant's second point of error, challenging the factual sufficiency
of the evidence to support his conviction, is overruled. 

 In his third point of error, appellant challenges the constitutionally of section
19.02(d) of the Texas Penal Code, which places the burden on the defendant to prove as a
mitigating factor that he caused the victim's death "under the immediate influence of sudden
passion arising from an adequate cause." Tex. Penal Code Ann. § 19.02(d) (West 1994). He
argues that placing the burden on the defendant to prove sudden passion violates the Due Process
Clause of the United States Constitution. Appellant recognizes that this Court has expressly
rejected this argument in Rainey v. State, 949 S.W.2d 537, 541 (Tex. App.--Austin 1997, pet.
ref'd) and Robinson v. State, 945 S.W.2d 336, 342 (Tex. App.--Austin 1997, pet. ref'd). We
decline appellant's invitation to revisit the issue. Appellant's third point of error is overruled. 

 In his final point of error, appellant argues that the trial court erred by denying his
request, pursuant to Penal Code section 19.02(d), for an instruction in the punishment charge
regarding whether he "caused the death under the immediate influence of sudden passion arising
from an adequate cause." Tex. Penal Code Ann. § 19.02(d). The Penal Code defines "sudden
passion" as "passion directly caused by and arising out of provocation by the individual killed or
another acting with the person killed which passion arises at the time of the offense and is not
solely the result of former provocation." Tex. Penal Code Ann. § 19.02(a) (West 1994) (emphasis
added). 

 Our review of the record does not reveal any act by Williams or anyone acting with
her that could have provoked appellant to kill her, although the record does contain evidence that
Williams's and appellant's argument at the rodeo was caused at least in part by Williams's jealousy
and intoxication. Even if this argument rose to the level of "adequate cause," Williams's death
did not occur until at least three hours later. See Gaston v. State, 930 S.W.2d 222, 226 (Tex.
App.--Austin 1996, no pet.) (passage of about an hour between argument and killing shows that
whatever caused husband to kill wife did not arise "'at the time of the offense.'"). Furthermore,
there is no evidence in the record that appellant knew that another man drove Williams home from
the rodeo, nor does the record reflect what transpired between appellant and Williams in their
home from the time Williams arrived at 3:15 a.m. until her death. Accordingly, there is no
evidence that Williams or anyone acting with her provoked appellant at the time of the offense. 
The trial court did not err by refusing to charge the jury on sudden passion. Appellant's fourth
issue is overruled. 


CONCLUSION

 We have overruled appellant's four points of error. The judgment of conviction
is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: May 13, 1999

Do Not Publish
1. The Bastrop County Sheriff's Department investigator assigned to the case testified on cross
examination as to these rough mileage estimates.



ile flight itself does not amount to a presumption of guilt, it is a circumstance
from which the jury may draw an inference of guilt. See Arivette v. State, 513 S.W.2d 857, 862
(Tex. Crim. App. 1974). Appellant's challenge to the legal sufficiency of the evidence to support
his conviction is overruled. 

 To consider appellant's challenge to the factual sufficiency of the evidence, we must
examine all the evidence, including the evidence suggesting appellant was miles away from the
home at the time the fire was reported. Although a videotape shows appellant at a Round Rock
ATM approximately 45 miles from his home at almost the exact time the fire was reported, a fire
investigator testified that the fire was set a little over an hour before it was reported. An ATF
agent, an expert in fire investigations, testified extensively about the smoldering effect a fire could
have on a body lying on a waterbed. Both fire experts testified that the fire began around the bed
and did not engulf the home until the floor collapsed as the waterbed fell through the ceiling from
the second floor to the first floor. We believe the jury could decide, based on this evidence, that
appellant made the withdrawals from the Round Rock ATM after he murdered Williams and set
the bed on fire. Accordingly, appellant's second point of error, challenging the factual sufficiency
of the evidence to support his conviction, is overruled. 

 In his third point of error, appellant challenges the constitutionally of section
19.02(d) of the Texas Penal Code, which places the burden on the defendant to prove as a
mitigating factor that he caused the victim's death "under the immediate influence of sudden
passion arising from an adequate cause." Tex. Penal Code Ann. § 19.02(d) (West 1994). He
argues that placing the burden on the defendant to prove sudden passion violates the Due Process
Clause of the United States Constitution. Appellant recognizes that this Court has expressly
rejected this argument in Rainey v. State, 949 S.W.2d