# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00231-CR

**Bennie Paul Rangel, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 06-819-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Bennie Paul Rangel guilty of possessing more than four grams of cocaine with intent to deliver and of possessing more than four ounces of marihuana. *See* Tex. Health & Safety Code Ann. §§ 481.112, .121 (West 2003). The jury also found that a deadly weapon was used during the commission of the offenses. The jury assessed punishment at seventy years in prison and a $10,000 fine for the cocaine offense and at ten years' imprisonment and a $10,000 fine for the marihuana offense.[1]

Appellant contends that the evidence is legally and factually insufficient to support the deadly weapon finding. He also urges that the trial court erred by allowing the testimony of a

---

[1] The deadly weapon finding increased the marihuana offense to a third degree felony. *See* Tex. Penal Code Ann. § 12.35(c) (West Supp. 2008).

person who was not on the State's witness list and by admitting an irrelevant and prejudicial photograph. We will overrule these contentions and affirm the convictions.

After developing probable cause to believe that controlled substances were being sold out of room 211 at the Econolodge motel in Taylor, Williamson County officers obtained and executed a search warrant for the room. Appellant was the only occupant of the room. The officers found and seized sixty-five grams of powder cocaine, a pound of marihuana, digital scales, and $1,095 in cash. They also seized a loaded .22 caliber Ruger pistol they found in the drawer of the night stand beside the bed. Appellant does not challenge the sufficiency of the evidence with respect to his possession of the controlled substances or his intent to deliver. He contends, however, that the evidence does not support the jury's determination that he used the pistol in the commission of the drug offenses.

Officer Tom Curran testified that when he entered the room, appellant, who was sitting on the bed in his underwear, "moved from where he was toward my direction, toward the headboard, and toward the night stand." Curran added, "I don't want to say he jumped. He didn't jump; it wasn't that fast of a movement. But it was more of a reach and a lunge." Curran described appellant as "reaching towards the headboard and toward the night stand." At this point, Curran grabbed appellant's hand and a struggle ensued. It was only after appellant was subdued and arrested, and other officers were conducting a detailed search of the room, that the pistol was found.

Detective Glen Breder testified that a magazine containing .22 caliber bullets was found in a pair of men's denim shorts lying on a vanity near the bathroom. The cash and some of the cocaine were also found in the pockets of these shorts. A photograph of the shorts was

2

introduced in evidence as State's exhibit 18. A photograph of appellant wearing the same or identical shorts and holding a pistol was introduced as State's exhibit 41.

Any employment of a firearm or other deadly weapon, even its simple possession, to facilitate the commission of another offense constitutes a "use" of the weapon. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). In *Patterson*, officers executing a search warrant found the defendant sitting on a couch near a table on which methamphetamine was located. *Id*. at 939. A pistol was on the couch beside the defendant's leg. *Id*. The court held that the evidence supported a finding that the defendant used the pistol to facilitate his possession of the methamphetamine. *Id*. at 942.

In *Gale v. State*, twenty pounds of marihuana, several unloaded firearms, and ammunition for those firearms were found in the bedroom closet of the defendant's house. 998 S.W.2d 221, 223 (Tex. Crim. App. 1999). The court held that the evidence supported a finding that the defendant used the weapons to facilitate his possession of the marihuana. *Id*. at 226.

In *Coleman v. State*, drugs and drug paraphernalia were found throughout the defendant's residence. 145 S.W.3d 649, 650-51 (Tex. Crim. App. 2004). In a bedroom, officers found a pistol, a rifle, and a safe containing bottles of PCP and a large amount of money. *Id*. at 651. The court held that a rational trier of fact could find that the defendant used the firearms to facilitate his possession and distribution of the drugs. *Id*. at 655. In a separate opinion concurring in the result, Judge Cochran stated that the simple possession of drugs and a firearm in the same general location is not sufficient to prove beyond a reasonable doubt that the firearm was used to facilitate the possession of the drugs. *Id*. at 657 (Cochran, J., concurring). Citing Judge Cochran's opinion,

3

appellant argues that the evidence in this case shows only that he simultaneously possessed the drugs and the firearm and is therefore insufficient to support a finding that he used the weapon to facilitate his possession of the drugs.

We note first that Judge Cochran's opinion was joined by only three other judges; it was not the majority opinion. Second, Judge Cochran joined the majority opinion and concurred in its result. As she pointed out, the evidence in *Coleman*, which we have only briefly summarized in this opinion, showed considerably more than the mere simultaneous possession of drugs and a weapon. *Id*. at 657-58. So it is here. Appellant was the sole occupant of a motel room from which he was shown to be dealing cocaine. A sizable quantity of cocaine and marihuana were found in the room, along with over $1000 in cash. The loaded pistol was in the drawer of the night stand beside the bed on which appellant was sitting, easily within his reach. Appellant was seen to reach in the general direction of the night stand as the police entered the room. Extra ammunition for the pistol was found in a pair of pants that apparently belonged to appellant. Breder testified that in his experience, drug dealers carry guns like the one in question to protect their drugs and money.

Viewing all the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could find beyond a reasonable doubt that appellant's possession of the pistol facilitated his possession and delivery of the controlled substances. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (legal sufficiency standard of review). Viewing all the evidence in a neutral light, we hold that the evidence supporting the deadly weapon finding is not so weak as to make the jury's finding clearly wrong or manifestly unjust, and that the finding is not against the great weight and preponderance of the available evidence. *See Watson v. State*, 204 S.W.3d

4

404, 414-15 (Tex. Crim. App. 2006) (factual sufficiency standard of review). Issues two and three are overruled.

In issue one, appellant contends that the trial court abused its discretion by permitting Curran to testify because he was not on the witness list given to the defense by the State more than ten days in advance of trial, as required by a discovery order. On the Thursday afternoon before the Monday morning trial began, the prosecutor notified defense counsel by email that Curran was being added to the list of State witnesses. When, during trial, appellant objected to Curran testifying, the prosecutor told the court that Curran's name had not been in the offense reports, and that he did not learn until Thursday (while interviewing Breder in preparation for trial) that Curran had been a witness to appellant's actions when the officers entered the motel room. In his own remarks to the court, defense counsel confirmed that Curran was not mentioned in the offense reports and asserted that, due to the short notice, he was unprepared to deal with Curran as a witness. Counsel acknowledged that he had been able to interview Curran and knew the gist of his testimony. The trial court ruled that Curran would be permitted to testify, but as the State's last witness of the day so as to give defense counsel additional time to prepare for cross-examination. As it turned out, defense counsel began his cross-examination that afternoon and completed it the following morning.[2]

We review the trial court's decision to allow testimony by a witness not on the State's list for an abuse of discretion. *Rainey v. State*, 949 S.W.2d 537, 544 (Tex. App.—Austin 1997, pet. ref'd). Among the factors to consider are whether the prosecution acted in bad faith and whether

---

[2] The State argues that appellant forfeited his claim by acquiescing to the procedure employed by the trial court. However, we decline to hold that defense counsel waived his objection to Curran's testimony by complying with the trial court's ruling.

the defendant could have reasonably anticipated the witness would testify despite the lack of notice. *Id.* It is agreed that Curran's testimony could not have been anticipated by the defense. Thus, we turn to the question of whether the prosecution acted in bad faith by failing to timely disclose Curran's name to the defense.

Appellant cites several factors that he contends reflect a lack of good faith on the part of the prosecution. First, having alleged the use of a deadly weapon, the State was aware that it would be required to prove that fact and should have known that none of the witnesses on its list saw appellant reach toward the night stand in the manner described by Curran. Second, the State had repeatedly announced its readiness for trial and had opposed defense motions for continuance. Finally, appellant cites several other cases in which Williamson County prosecutors failed to give timely notice. *See Roethel v. State*, 80 S.W.3d 276, 280 (Tex. App.—Austin 2002, no pet.) (untimely notice of extraneous offenses; held harmless); *Linder v. State*, 03-00-00624-CR, 2000 Tex. App. LEXIS 5406, at *4 (Tex. App.—Austin July 26, 2002, pet. ref'd) (mem. op., not designated for publication) (untimely notice of punishment evidence; held harmless); *West v. State*, 03-05-00371-CR, 2008 Tex. App. LEXIS 5354, at *13 (Tex. App.—Austin July 18, 2008, mot. for reh'g filed) (mem. op., not designated for publication) (untimely notice of extraneous offenses; notice held reasonable). Appellant argues that this pattern of disregarding notice requirements is strong evidence of bad faith. *See Roethel*, 80 S.W.3d at 283.

The State vigorously disputes appellant's accusation of bad faith. The State notes that it was undisputed that Curran's name was not in the offense reports, that the prosecutor gave appellant notice immediately after learning that Curran was a material witness, and that appellant

did not question the prosecutor's good faith in the trial court. The State asserts that "[t]he attorneys of the Williamson County District Attorney's Office are committed to complying with the discovery orders and notice deadlines issued by trial courts. By citing a handful of cases in which [notice] issues were raised by defendants . . . appellant obscures and ignores the multitude of occasions in which attorneys employed by the Williamson County District Attorney's Office followed to the letter pretrial discovery orders and notice deadlines issued by courts."

The trial court has not been shown to have abused its discretion by permitting Curran to testify. It was undisputed that the State gave notice as soon as it learned that Curran was a material witness; there is no evidence that the late notice was deliberate. Defense counsel had an opportunity to interview Curran before he testified, and Curran's testimony was scheduled so as to give counsel adequate time to prepare for his cross-examination. Appellant cites no evidence suggesting that defense counsel's trial preparation was hindered by the late notice. Issue one is overruled.

Finally, appellant contends that the trial court erred by admitting State's exhibit 41, the photograph of him holding a pistol. The photograph was introduced through Breder, who testified that it was given to him by a person named Roger Seggern, who is not otherwise identified. The photograph shows appellant sitting on the bathroom counter in an Econolodge motel room, but the parties agree that it is not room 211. There is no evidence as to when or by whom the photograph was taken. In the photograph, appellant is wearing a pair of denim shorts identical to those found during the search. Appellant appears to be talking on a cell phone while holding a pistol in his other hand. The pistol in the photograph is not the pistol found in the night stand of room 211.

7

Appellant argues that the photograph was irrelevant because it had no connection to the offenses for which he was on trial and thus had no tendency to prove any fact of consequence. *See* Tex. R. Evid. 401. Appellant further argues that any relevance the photograph might have had was substantially outweighed by the danger of unfair prejudice arising from his possession of the unrelated firearm. *See* Tex. R. Evid. 403. The State responds that the exhibit was relevant because it linked him to the denim shorts found in room 211, which contained cocaine, money, and ammunition for the pistol in the night stand. The State contends that the photograph made it more probable that appellant knowingly possessed both the contraband and the pistol.

We agree with the State that the photograph was relevant for the reasons stated. The closer question is whether that relevance was outweighed by the risk of unfair prejudice. *See Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999) (criteria for weighing prejudice against probative value). It would be an exaggeration to call the photograph "compelling" evidence given that its relevance derived from the unproven assumption that the denim shorts appellant is wearing in the photograph are the same shorts found in the motel room by the police. The photograph also had the potential for impressing the jury in an improper way by suggesting that appellant is the sort of person who brandishes a pistol during a telephone conversation. *See* Tex. R. Evid. 404(b). Given the quantity of drugs found in the motel room and the other evidence of appellant's activities on the afternoon in question, the State had little need for further evidence linking appellant to the narcotics. On the other hand, by linking appellant to the pistol found in the night stand, albeit indirectly, exhibit 41 was some evidence that appellant used the pistol to protect his drugs and money. The State's only other evidence of such use, beyond appellant's simple possession of the weapon, was

8

Curran's testimony describing appellant's ambiguous movements when the officers entered. Finally, no significant amount of time was required to introduce the photograph.

An appellate court should reverse a trial court's decision to admit evidence over a rule 403 objection "rarely and only after a clear abuse of discretion." *Mozon*, 991 S.W.2d at 847 (quoting *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1991) (op. on reh'g)). On balance, we conclude that the trial court's decision to admit State's exhibit 41 was within the zone of reasonable disagreement and that no clear abuse of discretion is shown. Issue four is overruled.

The judgments of conviction are affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed:   December 5, 2008

Do Not Publish