In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00330-CR
_____

JASMIN NICOLE CRUZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 19-02-02438-CR

**MEMORANDUM OPINION**

Jasmin Nicole Cruz appeals the trial court's sentence for theft, a state jail felony. *See* Tex. Penal Code Ann. § 31.03(e)(4)(A). In two issues, Cruz challenges the trial court's decision during the punishment phase to admit certain out of court statements made in text messages taken from Cruz's cell phone and testimony by an investigating officer regarding his opinion of the level of offense for which Cruz was ultimately charged. After a complete review of the record and legal precedents, we affirm the judgment of the trial court.

1

## Background

After a bank in Montgomery County was robbed on February 13, 2019, law enforcement officers investigated and discovered that Cruz and her girlfriend orchestrated the bank robbery.[1] In an interview with the FBI, Cruz confessed to the bank robbery and directed law enforcement to the location of the money in her apartment. On February 15, 2019, Cruz was indicted for robbery, a second-degree felony. Subsequently, Cruz was re-indicted for theft, a state jail felony. Cruz pled guilty, and a bench trial was held to determine her punishment.

At the punishment trial, the lead detective testified that he received and examined Cruz's cell phone, and the trial court allowed him to testify regarding certain text messages between Cruz and her girlfriend retrieved from the cell phone.[2] Defense counsel objected to the admission of the text messages as hearsay and the trial court overruled the objection. Additionally, the State elicited testimony from the lead investigator regarding his opinion of the level of charges to which Cruz was allowed to plead guilty. Defense Counsel objected on relevancy grounds, which the trial court overruled.

---

[1] Cruz's girlfriend was a teller at the bank, was charged separately, and was in prison at the time of Cruz's trial.

[2] According to the detective, Cruz consented to the search of her cell phone.

At the conclusion of the trial, the trial court sentenced Cruz to twenty months incarceration in the Texas Department of Criminal Justice. The trial court certified Cruz's right to appeal, and Cruz timely appealed.

## Standard of Review

We review a trial court's ruling on the admission of evidence for an abuse of discretion. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). "A trial judge abuses his discretion when his decision falls outside the zone of reasonable disagreement." *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016) (citation omitted).

## Issue One

In her first issue, Cruz argues that the trial court erred when it allowed the lead detective to testify about text messages between Cruz and her girlfriend, retrieved from Cruz's phone. Cruz's defense counsel objected to the admission of the testimony regarding the text messages arguing they were hearsay. In response, the State argued that they were not offering the testimony of the text message for the "truth of the matter asserted." Subsequently, the following exchange occurred with the trial court.

> [DEFENSE COUNSEL]: Judge, if it is not offered for the truth of the matter, then why?
>
> THE COURT: Normally it comes in as contextual because what the other person, [Cruz's girlfriend] said, it is -- you are saying you are not

3

offering that for the truth. But is there a response or alleged response from the Defendant on the download?

[THE STATE]: There is not. But it is information that would only have been -- the context and the message itself is information that only people with certain knowledge would have known.

THE COURT: And it was from whose cell phone?

[THE STATE]: It was from [Cruz's girlfriend], who we have heard over and over and over again was the reason that she decided to rob the bank. We have heard over and over again how [Cruz's girlfriend] was driving this –

THE COURT: Right. But my question is whose cell phone was it? Was it the Defendant's cell phone?

[THE STATE]: It was on the Defendant's cell phone, yes, ma'am.

THE COURT: Okay. Overruled.

. . . .

[LEAD DETECTIVE]: [Reading the text message retrieved from Cruz's cell phone] "Why don't you and Dee go rob another Shipley's"?

[THE STATE]: And were you present in the courtroom when the Defendant testified that she was working at Shipley's Donuts at the time that this message was sent?

[LEAD DETECTIVE]: Yes.

[THE STATE]: Was she in fact working at Shipley's?

[LEAD DETECTIVE]: Yes.

[THE STATE]: Were you present in the courtroom when the Defendant admitted that she knew someone by the name of Dee?

[LEAD DETECTIVE]: Yes.

4

Cruz argues that the text messages were used to advance the State's theory that Cruz was involved with other robberies.

Assuming without deciding that the trial court admitted this testimony in error, Cruz has failed to demonstrate harm. "Error in the admission of evidence is non-constitutional error subject to a harm analysis under Rule 44.2(b)[.]" *Jabari v. State*, 273 S.W.3d 745, 754 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing Tex. R. App. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)). Rule 44.2(b) requires that we disregard the alleged error unless it affected Cruz's substantial rights. *See* Tex. R. App. P. 44.2(b); *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). A substantial right is affected when the alleged error had a substantial, injurious effect or influence on the outcome. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Appellant admits in her brief that testimony regarding an alleged extraneous offense was introduced multiple times throughout the punishment trial by the State to demonstrate that Cruz was involved in other robberies. Our review of the record demonstrates that Cruz was questioned about working at Shipley's and about a robbery that occurred while she worked there. Additionally, the text messages do not expressly accuse Cruz of robbing a Shipley's.

Any error in the admission of this testimony was harmless as it was cumulative of other testimony admitted elsewhere. *See Mayes v. State*, 816 S.W.2d

79, 88 (Tex. Crim. App. 1991) (stating that any objectionable testimony was harmless because "substantially the same evidence" was admitted elsewhere without objection); *see also Merrit v. State*, 529 S.W.3d 549, 556–57 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *Rainey v. State,* 949 S.W.2d 537, 544 (Tex. App.—Austin 1997, pet. ref'd) (explaining that even if the trial court admitted the testimony in error, it was not harmful because the testimony was cumulative of other testimony already in front of the fact finder). We overrule Cruz's first issue.

## Issue Two

In her second issue, Cruz argues that the trial court erred by allowing the lead detective to testify "as to his feelings regarding the offense level" with which Cruz was charged. Cruz asserts that the testimony was harmful because the State emphasized several times that Cruz could have been charged with a higher crime and the trial court "considered the testimony that was argued and improperly admitted."

The following exchange occurred when the lead detective was asked about his personal feelings regarding Cruz's charges:

> [THE STATE]: After all of the interviews that you did, all of the law enforcement that responded to the scene, after the media release and the search warrants and the interviews and the hundreds of pages of reports -- after all of that, tell us how you felt when you learned that the highest ethical charge that you could levy was a simple state jail felony theft.
>
> [DEFENSE COUNSEL]: Objection, Judge. That is not relevant. How the officer feels about that is not relevant. It is an opinion.

6

THE COURT: I will allow it. It is all right. Go ahead.

[LEAD DETECTIVE]: I was disappointed and upset at that amount of work that we put in for it to be a felony theft and not an aggravated robbery.

Rule 37.07 § 3 (a)(1) states the following about evidence offered during the punishment phase of a trial:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim Proc. Ann. art. 37.07 § 3(a)(1).

"[T]he sentencing authority has always been free to consider a wide range of relevant material." *Payne v. Tennessee*, 501 U.S. 808, 820–21 (1991) (citation omitted). "In a non-capital felony trial, evidence is admissible during the punishment phase if 'the court deems [it] relevant to sentencing.'" *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009) (quoting Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1)). Determining admissibility during the punishment phase is a policy function rather than one of relevancy. *Id*. (quoting *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)).

7

Moreover, Texas Rule of Evidence 401's definition of "relevant" is of little help since "the factfinder's role during the guilt phase is different from its role during the punishment phase." *Id*. If evidence assists the factfinder in deciding the appropriate sentence for the defendant given the facts of the case, then it is relevant. *Id.* (citation omitted). The Court of Criminal Appeals has explained, "[i]nevitably, '[d]eciding what punishment to assess is a normative process, not intrinsically factbound.'" *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018) (quoting *Murphy v. State*, 777 S.W.2d 44, 63 (Tex. Crim. App. 1989) (plurality op. on reh'g)).

Article 37.07, section 3(a)(1) of the Texas Code of Criminal Procedure states that during the sentencing phase, the State may offer evidence "as to any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1). The term "relevant" is not defined, however the statute also provides that evidence relevant to sentencing includes, but is not limited to: (1) the prior criminal record of the defendant; (2) the defendant's general reputation; (3) the defendant's general character; (4) an opinion regarding the defendant's character; (5) the circumstances of the offense being tried; and (6) notwithstanding Texas Rules of Evidence 404 and 405, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which the defendant could be held criminally responsible, regardless of whether the defendant has previously been charged with or finally convicted of the crime or act.

8

*See id.* We conclude that the ruling was well within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We overrule Cruz's second issue.

## Conclusion

Having overruled all of Cruz's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 1, 2021
Opinion Delivered August 11, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.